**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIOT SCOTT GRIZZLE, | No. 11-17295 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-04845-SI |
| v. | |
| ROBERT A. HOREL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: BEA and HURWITZ, Circuit Judges, and SESSIONS, District Judge.[**]

Eliot Scott Grizzle appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. Grizzle, an inmate at Pelican Bay State

Prison, was convicted of murder and conspiracy to murder another inmate. Grizzle

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William K. Sessions, III, District Judge for the U.S. District Court for Vermont, sitting by designation.

claims that the state trial court erred in denying his motion for a mistrial after a juror who was employed at Pelican Bay reported being approached by an inmate who identified him as Juror 5.  Juror 5 spoke of this to other jurors; Grizzle claimed the jury was thus tainted against him.  After Juror 5 was excused, and the remaining panel examined by court and counsel, an alternate juror was seated. Grizzle did not object to the jury panel as constituted.

Federal courts will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground independent of the federal ground and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  As noted, Grizzle failed to renew his mistrial motion after court and counsel examined the jury panel for jury taint and Juror 5 was replaced by an alternate juror.  On direct appeal, the California Court of Appeal held that Grizzle's jury taint claim was procedurally defaulted under the California contemporaneous objection rule.   The district court correctly agreed, foreclosing federal habeas relief as to that claim.

A valid procedural bar can be surmounted only if the petitioner demonstrates cause and prejudice for the default or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.  Grizzle argues that if California's contemporaneous objection rule is deemed adequate, then his trial attorney's failure to renew the

mistrial motion constitutes ineffective assistance of counsel, thereby constituting cause for default. This claim is barred by the Antiterrorism and Effective Death Penalty Act's exhaustion requirement because Grizzle failed to raise his ineffective assistance of counsel claim with respect to his jury taint claim in state court. 28 U.S.C. § 2254(b)(1)(A).

Even had the ineffective assistance of counsel claim been properly exhausted in state court, it still would not provide cause to excuse Grizzle's procedural default. There were strategic grounds for not renewing the mistrial motion and Grizzle failed to demonstrate prejudice resulting from counsel's failure to renew the motion. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Grizzle raises several uncertified claims. Reasonable jurists could not debate whether the issues should have been resolved in a different manner. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). We therefore decline to grant a certificate of appealability on the uncertified claims.

**AFFIRMED.**